# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| RICO LAVON EDWARDS, | ) | |
| Movant, | ) | |
| v. | ) | CV416-168 |
| | ) | CR413-029 |
| UNITED STATES OF AMERICA, | ) | CR413-069 |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Movant Rico Edwards, proceeding *pro se*, moves under 28 U.S.C. § 2255 to vacate his 2013 conviction for armed bank robbery and interference with commerce by robbery. Doc. 58;[1] *see* docs. 1 (indictment), 36 (change of plea), 39 (guilty-plea agreement), 40 (judgment), 56 (order reducing sentence to 102 months' imprisonment). He seeks to exploit the new rule announced in *Johnson*, 576 U.S. __, 135 S. Ct. 2551 (2015), and made retroactive by *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), to neutralize his sentence. Doc. 58.

Edwards pled guilty to one count of armed bank robbery and one count of Hobbs Act robbery. *See* docs. 36, 39, 40 (judgment entered

---

[1] The Court is citing to the criminal docket in CR413-029 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

September 24, 2013 for violations of 18 U.S.C. §§ 1951 & 2113(a) and (d)). Because his sentence was not enhanced under the Armed Career Criminal Act (ACCA),[2] *Johnson* does not apply to his case.[3] However, Edwards argues that the Supreme Court's ruling in *Johnson* implicates his sentence because he was charged with brandishing a firearm in violation of 18 U.S.C. § 924(c), and sentenced for "armed bank robbery" (which he contends is *not* a crime of violence under *Johnson*). *See* doc. 58 at 4-5. This argument is without merit.

While the Eleventh Circuit has not yet "decided if *Johnson* applies to § 924(c)(3)(B)," *see In re Pinder*, 824 F.3d 977, 978-79 (11th Cir.

---

[2] Indeed, his 150 month sentence is lower than the ACCA's minimum 180-month sentencing enhancement. *See In re Colon*, 826 F.3d 1301, 1302 (11th Cir. 2016).

[3] The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Plain vanilla felon-in-possession convictions bring a maximum 10 year sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

Here, movant was charged with four counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d), four counts of using and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951, using and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), and carrying a firearm during a crime of violence in violation of 28 U.S.C. § 924(c)(1)(A). *See* doc. 1, *see also* CR413-069, doc. 1. Pursuant to his combined plea agreement, he pled guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951. Doc. 40 (judgment). At no point was he charged or convicted under 18 U.S.C. § 1924(e)(1).

2016) (noting "the law is unsettled" as to whether *Johnson* invalidates sentences that relied on the § 924(c)(3)(B) residual clause[4]), movant was

---

[4] The Eleventh Circuit has repeatedly noted that the two sections -- 18 U.S.C. §§ 924(c)(1)(A) and 924(e)(1) -- have differing language and statutory purpose. *See, e.g., In re Colon*, 826 F.3d at 1303-04, n. 2. The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause" (referred to herein as the "ACCA residual clause"). *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012). The ACCA residual clause covers "conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court found the residual clause unconstitutionally vague in *Johnson*, 576 U.S. at ___, 135 S. Ct. at 2557-58, 2563. But *Johnson* did not call into question the application of the elements clause and the enumerated crimes of the ACCA's definition of a violent felony. *Id.* at __, 135 S. Ct. at 2563.

Distinct from the sentence provisions in § 924(e)(1) of the ACCA, § 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes, as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime -- (i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

not convicted of any offense under § 924(c)'s residual clause -- he was *charged* with offenses under *§ 924(c)(1)(A)*.[5]  *Compare* doc. 40, *with* doc. 1 and CR413-069, doc. 1.

And, to the extent Edwards' sentence was adjusted for brandishing, using, or possessing a firearm during a robbery, *see* doc. 58 at 4; PSR §§ 31 & 38, based on the advisory Sentencing Guidelines, *see* U.S.S.G. § 2B3.1(b)(2)[6], *Johnson* does not apply. *United States v.*

---

18 U.S.C. § 924(c)(1)(A). For the purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). The former clause is referred to herein as the "use-of-force" clause and that later clause as the "§ 924(c)(3)(B) residual clause." Notably, the ACCA's elements clause only involves the use of force "against the person of another," while the use-of-force clause involves the use of force "against the person or property of another." *Compare* 18 U.S.C. § 924(e)(2)(B)(i), *with* 18 U.S.C. § 924(c)(3)(A) (emphasis added).

[5] Further, even if *Johnson* is read to invalidate § 924(c)'s residual clause, convictions for Hobbs Act robbery and armed bank robbery qualify as "crimes of violence" under the use-of-force clause in § 924(c)(3)(A). *See In re Colon*, 826 F.3d 1301 (aiding and abetting Hobbs Act robbery meets use-of-force clause of crime of violence under § 924(c)(3)(A)); *In re Fleur*, 824 F.3d 1337 (11th Cir. 2016) (actual commission of Hobbs Act robbery meets use-of-force clause of the definition of crime of violence under § 924(c)(3)(A)); *United States v. McNeal*, 818 F.3d 141, 155 (4th Cir. 2016) (§ 2113 armed bank robbery is a crime of violence because a defendant's knowledge that his behavior is intimidating satisfies § 924(c)'s *mens rea* requirement).

[6] The applicable guideline for armed bank robbery and Hobbs Act robbery is found in U.S.S.G. § 2B3.1, which provides for a base offense level of 20. U.S.S.G. § 2B3.1(a).

*Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015) (explaining that the *Johnson* holding was "limited to criminal statutes that define elements of a crime or fix punishments," like the ACCA, and that the advisory Sentencing Guidelines "do neither"). *See also Beckles v. United States of America*, 616 F. App'x 415 (11th Cir. 2015) ("*Johnson* says nothing about career-offender enhancements under the Sentencing Guidelines or about the Guidelines commentary underlying Beckles's status as a career-offender."), *cert. granted*, 135 S. Ct. 2510 (June 27, 2016).

None of the provisions that drove Edwards' conviction or sentence rested on any language resembling the sort of residual clause found problematic in *Johnson*. There is also no precedent to suggest that it is improper to apply a five-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(C) under the Robbery Guideline[7] to movant's convictions.

---

The sentencing enhancement that Edwards challenges is found in § 2B3.1(b)(2)(C), which provides that "if a firearm was brandished or possessed, increase by 5 levels." U.S.S.G. § 2B3.1(b)(2)(C).

[7] The Commentary makes quite clear that actual possession of a gun is not even required for the "Gun Bump" to apply. *See Stinson v. United States*, 508 U.S. 36, 38 (1993) (Guidelines Commentary is generally authoritative). And each defendant need not intend to personally possess a firearm. Rather, "it is enough that the defendant was aware that brandishing or possessing firearms was part of the conspiratorial agreement." *United States v. Capanelli*, 479 F.3d 163, 167 (2d Cir. 2007) (per curiam); *see also* Guidelines § 1B1.3(a)(1)(B) (offense conduct includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity" (emphasis added)). Here, Edwards brandished a

5

Nor did defense counsel object at sentencing to the Court's application of the enhancement. *See* doc. 38. The purported defect that Edwards identifies simply does not raise any constitutional, statutory, or other concerns that could support a § 2255 motion.

Edward's last argument is that his criminal history was miscalculated. That is not a *Johnson*-based claim, so he cannot take advantage of the one-year § 2255(f)(3) limitations period exception from *Johnson*. *See* doc. 58 at 5. Since it was not filed within a year of "the date on which the judgment of conviction became final," 28 U.S.C. § 2255(f)(1), his miscalculation claim is untimely, *Zack v. Tucker*, 704 F.3d 917, 922-26 (11th Cir. 2013) (habeas limitations periods apply on a claim-by-claim basis). *See* docs. 48 (March 20, 2014 order of the Court of Appeals granting his voluntary motion to dismiss with prejudice), 58 (signature-filed June 23, 2016, more than two years later). The Court further notes that any challenge to the miscalculation of his criminal history also has been procedurally defaulted because Edwards did not raise them on direct appeal. *United States v. Montano*, 398

---

weapon in commission of armed bank robbery, *see* doc. 1 (Counts 1-8), and in commission of Hobbs Act robbery, *see* CR413-069, doc. 1 (Counts 1-4).

F.3d 1276, 1279-80 (11th Cir. 2005). *See United States v. Edwards*, No. 13-14549 (11th Cir. Mar. 20, 2014).

In sum, Edwards' conviction and sentence were proper and his § 2255 motion should be **DENIED**.

Finally, Edwards asks that the Court appoint counsel to help him in his *Johnson* claims. Docs. 57 & 59. The Rules Governing § 2255 Proceedings provide that appointment of counsel is proper if an evidentiary hearing is needed or if certain discovery is required, provided that the movant qualifies under 18 U.S.C. § 3006A(g). Rules 6(a), 8(c). As reflected in his moving papers, defendant has demonstrated his ability to file appropriate pleadings seeking § 2255 relief, and neither an evidentiary hearing nor discovery are necessary to resolve his case on the merits. *Jones v. United States*, 2016 WL 3476429, at *4 n. 5 (S.D. Ga. June 21, 2016), *adopted*, 2016 WL 4472973 (S.D. Ga. Aug. 24, 2016); *Bing v. United States*, 2015 WL 4092699 at * 3 (S.D. Ga. July 6, 2015), *adopted*, 2015 WL 675168 (S.D. Ga. Nov. 4, 2015). Movant's application for appointment of counsel, docs. 57 & 59, is therefore **DENIED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED,** this  7th  day of November, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA